# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

MALCOLM WINN                                          CIVIL ACTION

versus                                               NO. 12-274

WARDEN LYNN COOPER                                   SECTION: "R" (1)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Malcolm Winn, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana.  On June 28, 2005, he was convicted of possession of cocaine under Louisiana law.[1]  On April 9, 2007, he was found to be a fourth offender and was sentenced as such to a term of twenty-five years imprisonment without benefit of probation or

---

[1] State Rec., Vol. I of V, minute entry dated June 28, 2005; State Rec., Vol. I of V, jury verdict form.

suspension of sentence.[2]  On July 2, 2008, the Louisiana Fourth Circuit Court of Appeal affirmed that conviction and sentence.[3]  Petitioner's related writ application was then denied by the Louisiana Supreme Court on April 3, 2009.[4]

On October 13, 2009, petitioner filed an application for post-conviction relief with the state district court.[5]  On March 24, 2010, that application was denied.[6]  Petitioner's related writ applications were then likewise denied by the Louisiana Fourth Circuit of Appeal on May 5, 2010,[7] and by the Louisiana Supreme Court on February 18, 2011.[8]

On January 23, 2012, petitioner filed the instant federal application for *habeas corpus* relief.[9]  The state argues that the application is untimely.[10]  The state is correct.

---

[2] State Rec., Vol. III of V, transcript of April 9, 2007, p. 7.

[3] State v. Winn, No. 2007-KA-1339 (La. App. 4th Cir. July 2, 2008); State Rec., Vol. III of V.

[4] State v. Winn, 6 So.3d 769 (La. 2009) (No. 2008-KO-1963); State Rec., Vol. III of V.

[5]  State Rec., Vol. II of V.  When the district court failed to rule on that application immediately, petitioner filed an application for a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal.  However, the Court of Appeal denied that application on January 25, 2010.  State v. Winn, No. 2009-K-1723 (La. App. 4th Cir. Jan. 25, 2010); State Rec., Vol. V of V.  The Louisiana Supreme Court then also denied petitioner's related writ application on February 18, 2011.  State *ex rel.* Winn v. State, 57 So.3d 325 (La. 2011) (No. 2010-KH-0412); State Rec., Vol. V of V.

[6] State Rec., Vol. II of V, Judgment dated March 24, 2010.

[7] State v. Winn, No. 2010-K-0569 (La. App. 4th Cir. May 5, 2010); State Rec., Vol. V of V.

[8] State *ex rel.* Winn v. State, 57 So.3d 328 (La. 2011) (No. 2010-KH-1291); State Rec., Vol. V of V.

[9] Rec. Doc. 1.

[10]  Rec. Doc. 14.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[11]  With respect to determining the date of finality, the United States Fifth Circuit Court of Appeals has explained:

> When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, the Louisiana Supreme Court denied petitioner's writ application on direct review on April 3, 2009.  Therefore, his criminal judgment became "final" ninety day later on July 2, 2009.  Accordingly, his period for seeking federal *habeas corpus* relief commenced on that date and expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling.  The AEDPA expressly provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

---

[11]   Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

After one hundred two (102) days elapsed, petitioner tolled the federal limitations period by filing a post-conviction application with the state district court on October 13, 2009.[12] Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004). The state concedes that petitioner's related writ applications were timely filed with the state's appellate courts. Therefore, tolling continued until the Louisiana Supreme Court denied relief on February 18, 2011.[13]

When the limitations period resumed running at that point, petitioner had two hundred sixty-three (263) days of the limitations period remaining. Therefore, he had only until November 8, 2011, to either again toll the limitations period or file his federal application.

---

[12]   State Rec., Vol. II of V. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). On his post-conviction application, petitioner stated that it was placed in the mail on October 13, 2009.
     The only state application petitioner had pending prior to October 13, 2009, was a motion for production of documents filed with the state district court on June 23, 2009. State Rec., Vol. II of V. However, such motions cannot fairly be considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

[13]   A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

Petitioner had no other applications for state post-conviction relief or other collateral review pending at any time on or before November 8, 2011.  Therefore, he clearly is not entitled to further statutory tolling.

The Court must next consider equitable tolling.  The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling.  Holland v. Florida, 130 S.Ct. 2549, 2560 (2010).  However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before November 8, 2011.  Because his federal application was not filed until January 23, 2012,[14] it is untimely.

---

[14]  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  Petitioner placed his federal application in the prison mailing system on January 23, 2012.  Rec. Doc. 1, p. 11.

**RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Malcolm Winn be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[15]

New Orleans, Louisiana, this thirtieth day of April, 2012.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[15]  Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.