UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MALCOLM WINN                                    CIVIL ACTION

VERSUS                                          NO: 12-274

LYNN COOPER, WARDEN                             SECTION: R(1)

**ORDER**

The Court, having reviewed *de novo* the petition for *habeas corpus* filed by Malcolm Winn,[1] the applicable law, the Magistrate Judge's Report and Recommendation,[2] and Winn's objections,[3] hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

In his objection to the Magistrate's Report and Recommendation, petitioner asserts that the AEDPA statute of limitations period was tolled from October 13, 2009 to February 18, 2011. Winn acknowledges that his direct appeal became final on July 3, 2009.[4] He then filed his state post-conviction application on October 13, 2009, 102 days later.[5] The statute of limitations was tolled from October 13, 2009, to February 18,

---

[1]  R. Doc. 1.

[2]  R. Doc. 15.

[3]  R. Doc. 16.

[4]  R. Doc. 16 at 4.

[5]  *Id.*

2011, the date on which the Louisiana Supreme Court denied relief.[6]  Winn then had 263 days, until November 8, 2011, in which to file his federal application.  Because he did not file his federal application until January 27, 2012, it is untimely.  *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999).

    Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rules Governing Section 2254 Proceedings, Rule 11(a).  A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard).  In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"  537 U.S. 322, 336 (2003).  With respect to claims denied on procedural grounds, the

---

    [6]    *Id.* at 5.

petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Winn has not made such a showing in this case.

Accordingly, IT IS ORDERED that Winn's petition for *habeas corpus* is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 5th day of July, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE